UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
WORKSCAPE, INC.,                        )
       Plaintiff,                        )
                                            )
    v.                                )        Civil Action No. 05 11481MEL
                                            )
WORKSTREAM, INC.,                  )
       Defendant.                     )
_____)

### **DEFENDANT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)**

Defendant Workstream, Inc. ("Workstream"), by and through its attorneys McGuireWoods LLP and Sanzone & McCarthy LLP, respectfully move this Court for the entry of an order dismissing the Complaint pursuant to F.R.C.P. 12(b)(6). In support of their motion, Workstream states as follows:

1. On July 13, 2005, Workscape, Inc. ("Workscape") filed its Complaint in this matter, attempting to allege against Workstream claims for intentional interference with contractual relations, the commission of unfair and deceptive trade practices under Mass. G.L. c. 93A §§ 2, 11, and civil conspiracy. Each of these claims arises from Workstream's hiring of Michael Gioja, a former Workscape employee.

2. Workscape's count for intentional interference should be dismissed in accordance with F.R.C.P. 12(b)(6) because: (1) the claim is based on a non-competition agreement between Workscape and Gioja that has been held by a Massachusetts Superior Court to be unenforceable as written; (2) the claim fails to sufficiently allege that Workstream knowingly induced the breach of a contract; (3) the claim fails to sufficiently allege that Workstream acted with an improper motive or employed an improper means when it allegedly interfered with Workscape's

contractual rights; (4) the claim fails because public policy disfavors the imposition of tort liability against a new employer based on an arguably unenforceable non-competition agreement; (5) Workstream's hiring of Gioja is protected by the competitor's privilege; and (6) the Complaint fails to sufficiently allege that Workscape has sustained recoverable damages as a result of Workstream's alleged misconduct.

3. Workscape's count for unfair trade practices under Mass. G.L. c. 93A §§ 2, 11 should be dismissed in accordance with F.R.C.P. 12(b)(6) because disputes between employers and employees, including those relating to an alleged breach of a non-competition agreement, do not fall within the scope of Massachusetts' unfair trade practices statute. In addition, Workstream's hiring of Gioja was not unfair or deceptive as a matter of law.

4. Workscape's count for civil conspiracy should be dismissed in accordance with F.R.C.P. 12(b)(6) because: (1) the Complaint fails to allege that Workstream and Gioja, in combination, exercised any peculiar power of coercion over Workscape; and (2) the Complaint fails to allege that Workstream provided substantial assistance or encouragement to others to commit a tort.

5. Workstream is filing herewith a Memorandum of Law In Support of Its Motion to Dismiss.

**REQUEST FOR ORAL ARGUMENT**

Workstream, Inc. hereby requests that the Court grant oral argument with respect to its Motion to Dismiss.

WHERFORE, Defendant Workstream, Inc. respectfully requests the entry of an Order:

    I.    Dismissing the Complaint in its entirety; or

    II.    Granting Defendant such other and further relief as this Court deems just and proper.

> Respectfully submitted,
> DEFENDANT WORKSTREAM, INC.,
> By Its Attorneys,
>
> /s/ Christopher W. Sanzone
> Christopher W. Sanzone, Esq. (BBO#633109)
> John T. McCarthy, Esq. (BBO#641406)
> **Sanzone & McCarthy, LLP**
> 888 Worcester Street, Suite 110
> Wellesley, MA 02482
> (781) 239-9989
>
> Of Counsel (Admitted *Pro Hac Vice*):
>
> Richard E. Lieberman, Esq.
> Gary Y. Leung, Esq.
> **McGuireWoods LLP**
> 77 West Wacker Drive, Suite 4100
> Chicago, IL 60601
> (312) 849-8100

Dated: September 13, 2005

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I hereby certify that counsel for Workstream, Inc. and counsel for Workscape, Inc. conferred in a good faith attempt to resolve or narrow the issues set forth in Workstream, Inc.'s Motion to Dismiss.

    /s/ Christopher W. Sanzone

\\COM\536714.1